## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **JIMMY SCOTT ELKINS,** | ) |
| Petitioner, | ) Case No. 7:12CV00058 |
| v. | ) **OPINION** |
| **UNITED STATES,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Jimmy Scott Elkins, Pro Se Petitioner*.

Jimmy Scott Elkins, an inmate proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C.A. § 2241 (West 2006 and Supp. 2011), alleging that his court-appointed counsel in ongoing federal criminal proceedings provided ineffective assistance leading to his provisional guilty plea. After review of the record, I must summarily dismiss Elkins' petition without prejudice.

Elkins is currently incarcerated pending ongoing criminal proceedings against him in this court, Case No. 2:10CR00017. Elkins is charged in a one-count Indictment with possessing firearms while subject to a domestic protective order, in violation of 18 U.S.C.A. § 922(g) (West 2000). I appointed the Federal Public Defender to represent Elkins. Counsel filed a number of pretrial motions on Elkins' behalf, including a Motion to Dismiss on Constitutional Grounds. After I denied that motion, on May 5, 2011, Elkins entered a provisional guilty plea,

whereby he reserved his right to appeal the denial of the Motion to Dismiss. In February 2012, counsel moved to withdraw, and I appointed new counsel for Elkins. A sentencing hearing is scheduled for next month.

Elkins complains in this § 2241 petition that he should be allowed to withdraw his guilty plea or have the conviction vacated, based on counsel's alleged deficient representation. Elkins asserts that when he told counsel to pursue "an entrapment by estoppels defense," counsel told him that this defense "was not an option and talked [Elkins] into doing a 'conditional guilty plea.'" Elkins also alleges that after the guilty plea hearing, while reviewing records related to his case, Elkins learned that counsel had turned over to the government a letter Elkins had written to counsel in "*strict confidence*." In addition, Elkins complains that counsel failed to place Elkins' Presentence Investigation Report ("PSR") and other documents in sealed envelopes to protect personal information when she brought the documents to the jail for Elkins to review. Elkins asserts that in light of counsel's deficient performance, his guilty plea is invalid and his conviction must be vacated under § 2241.

I find no ground on which Elkins is entitled to relief from his guilty plea or conviction under § 2241. "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*,

245 U.S. 390, 391-92 (1918).  Applying this principle, courts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings.  *See, e.g., In re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009) (unpublished) (finding no ground for relief under § 2241 where petitioner could raise illegal arrest and speedy trial claims in his pending criminal case); *Meyers v. Mukasey*, No. Civ. A. 3:08CV581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009) (finding '"[W]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal"') (quoting *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)).

Because Elkins' ineffective assistance claims are not appropriately raised under § 2241, I will summarily dismiss his petition without prejudice.  An appropriate order will issue this day.

DATED:   March 23, 2012

/s/  James P. Jones
United States District Judge